MURRAY, Plaintiff, v. TRUSTEES OF THE LANE SEMINARY, Defendants.

Common Pleas Court, Hamilton County.

No. A145932.

## OPINION

By WEBER, J.

This cause came on to be upon the pleadings, the evidence and the argument and briefs of counsel.

Upon consideration thereof the court makes the following:

### Findings of Fact

1. The lease here in question from The Trustees of The Lane Seminary to J. B. Thomas recorded in Lease Book 4, page 577 Hamilton County, Ohio records contained amongst others, the following provisions:

"And further that the said demised premises or any part thereof or any building thereon shall not at any time hereafter be used or occupied for manufacturing, keeping or vending ardent spirits or for keeping a tavern or public house or for a blacksmith shop, or for a manufactory of soap or candles or a livery stable, or for slaughtering animals, or a butcher's shop or stall, or a tin shop. And further that the said premises shall not be occupied for any other purpose than private dwelling houses without the assent of the said Trustees of Lane Seminary. And this lease, however, is made on the condition that if any other covenant herein contained on the part of said leasee, his heirs, executors, administrators or assigns shall be violated and not faithfully kept, then and in either case this lease and the term hereby created shall cease and determine, and be utterly void. And the said Trustees of Lane Seminary, their successors and assigns, may thereupon forthwith re-enter upon the said demised premises and hold the same as though this lease had never been executed free and discharged from the same."

2. These provisions were included by reference in the quit claim deed from The Trustees of The Lane Seminary to Marie Cunningham recorded in Deed Book 458, page 478, Hamilton County, Ohio records.

3. Similar provisions contained in practically all leases granted by The Trustees of The Lane Seminary for property in the Lane Seminary Subdivision.

4. The plat of The Lane Seminary Subdivision, recorded in Deed Book 101, page 142, Hamilton County, Ohio Records does not contain or refer to such provisions.

5. The right to give permission for other than residential use and the right of re-entry as to the property here in question was retained solely by The Trustees of The Lane Seminary and was not granted, alienated or released nor attempted to be granted, alienated or released to the lessee or grantee of any lease or deed from The Trustees of The Lane Seminary.

6. The provisions were not for the purpose of preserving the neighborhood as a residential area.

7. The Trustees of The Lane Seminary has in many instances exercised its right to assent to right the use for other than residence purposes as to other lots in the neighborhood which actions on its part have facilitated a change in the character of the neighborhood. Such use consists of filling stations, garages, stores, apartments, hotels and businesses of many kinds.

8. In some instances a use other than for residence purposes is being made of parcels without the written assent of The Trustees of The Lane Seminary.

9. It has not become impossible to use the land for residential purposes even though it is no longer desirable for such use and has become adopted to a more valuable use through change of conditions in the character of the neighborhood.

and, further reaches the following:

### Conclusions of Law

1. The lease did not grant a right to total use but only a right to residential use and any use other than residential created in The Trustees of The Lane Seminary a right to terminate the lease and re-enter the premises.

2. These provisions in the lease are not restrictions upon use to be affected by the change of neighborhood and are not enforceable by other lot holders but have the legal effect of leaving in The Trustees of The Lane Seminary a valuable property interest in the premises.

3. There is no obligation upon the plaintiff to enforce the conditions of the lease and others cannot enforce them as the rights are personal to the grantor, The Trustees of The Lane Seminary.

4. By the terms of the quit claim deed recorded in Deed Book 458, Page 478, of the Hamilton County, Ohio Deed Records, the conditions of the lease were incorporated therein so that although a fee simple title passed conditions subsequent were created, which conditions are enforceable by The Trustees of The Lane Seminary.

5. Plaintiff is subject to the contractual limitations, of which he had notice on the record, and under which he holds his right in the premises.

6. The Trustees of The Lane Seminary as the holder of the right to permit other than residential use and the right of re-entry holds a valuable property interest in the premises.

7. The Court has no power or right to take away the defendant's property interest in the premises and the defendant has the same right as any other owner to sell or not to sell his property interest.

8. A purchaser desiring the property for other than residence use must deal with two sellers—the owner of the residential rights and the owner of the remaining rights.

WHEREFORE, the Court holds that the allegations of the petition of the plaintiff are not well taken and finds for the defendant at the plaintiff's costs.